

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | CRIMINAL NO. W-14-CR-139 |
| | § | |
| KRISTIN GALLOWAY | § | |

## O R D E R

Came on this date to be considered Defendant's Motion to Change Method By Which Balance of Sentence is Served. Having reviewed Defendant's motion and the file in this case, the Court is persuaded the motion is without merit.

Pursuant to a plea agreement, Defendant entered a plea of guilty to the indictment on file against her charging her with embezzling funds from the Veterans Administration. She was sentenced to a term of incarceration of 46 months.

Defendant asserts that she should be immediately released to serve the remaining 38 months of her sentence on home confinement. Defendant bases her request on the Bureau of Prison's ("BOP") failure to effectuate the Family Unity Demonstration Project, 42 U.S.C. § 13881, *et seq.* (a program enacted as part of The Violent Crime Control and Law Enforcement Act of 1994), despite funding by Congress. The purpose of the Project was to "evaluate the effectiveness of certain demonstration projects in helping to – (1) alleviate the harm to children and primary caretaker parents caused by separation due to the incarceration of the parents; (2) reduce recidivism rates of prisoners by encouraging strong and supportive family

relationships; and (3) explore the cost effectiveness of community correctional facilities." 42 U.S.C. § 13881. Congress authorized funding for the Project only through the year 2000. 42 U.S.C. § 13883. See *United States v. Meza-Pena*, 2013 WL 2991059, No. 2:12-CR-00021-KJM-1 (E.D. Cal., June 14, 2013). Since the Project no longer exists, Defendant cannot participate in it.

Defendant presents no legal authority which would permit the Court to alter the way in which her sentence is served merely because she is unable to participate in a non-existent program. The BOP is the entity with the authority to determine Defendant's eligibility for various prison programs. If Defendant believes the BOP is inappropriately denying her access to some program for which she is eligible, she should exhaust her available remedies through the BOP's administrative process. If she is dissatisfied with the BOP's response, she can attempt to file a motion under 28 U.S.C. § 2241 with the federal district court which has jurisdiction over the facility within which she is incarcerated.

Even if Defendant's request is within the jurisdiction of this Court, her request is barred as a result of the waiver in her plea agreement. Defendant specifically agreed to waive the right to contest her sentence in any post-conviction proceeding. Therefore, the present request is barred.

Finally, Defendant's request is without legal basis. A district court has only limited authority to modify a defendant's sentence once it is imposed. See *Freeman v. United States*, ---- U.S. ----, 131 S.Ct. 2685, 2690, 180 L.Ed.2d 519 (2011)

2

(plurality). The exceptions, as outlined in 18 U.S.C. § 3582(c), allow modification in the following circumstances: (1) upon motion by the Director of the BOP; (2) where expressly permitted by some other statute or Rule 35; and (3) where the applicable sentencing range has subsequently been lowered by the Sentencing Commission. *United States v. Thompson*, 417 Fed.Appx. 429, 431 (5th Cir. 2011); *United States v. Meza-Pena*, *1. None of the statutes cited by Defendant permit the modification she requests. Accordingly, it is

**ORDERED** that Defendant's Motion to Change Method By Which Balance of Sentence is Served is **DENIED**.

**SIGNED** this 20th day of January, 2016.

**WALTER S. SMITH, JR.**
**United States District Judge**